IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| KEVIN HARRIS,<br>        PLAINTIFF,<br><br>v.<br><br>FREIGHT HANDLERS, INC.<br>A NORTH CAROLINA CORPORATION,<br><br>&<br><br>FHI, LLC<br>A NORTH CAROLINA COMPANY,<br><br>        DEFENDANTS. | Case No.:_____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

COMES NOW the Plaintiff, by counsel, and respectfully moves this Honorable Court for a judgment and award of execution against the Defendants in the amount of NINE MILLION AND NO/100 DOLLARS ($9,000,000.00), as compensatory damages, his costs expended, pre-judgment and post-judgment interest, and such other and further relief as this Court may deem appropriate; and in support thereof, states as follows:

## FACTS

1. The Plaintiff, Kevin Harris, is a resident of the Commonwealth of Virginia.

2. The Defendants, Freight Handlers, Inc. (FHI, Inc), and FHI, LLC, upon information and belief, are companies organized and existing under the laws of the state of North Carolina, and maintain corporate offices and headquarters in North Carolina, and are collectively referred to as the FHI defendants below.

3. The defendant companies are in the business of supplying freight unloading services, distribution center services and warehouse operational services.

4. K-V-A-T Food Stores, Inc., doing business as "Food City" (hereafter "Food City") is a Virginia company based in Abingdon, Virginia which operates retail grocery stores in several states, and operates a distribution center in Abington Virginia and employs staff and personnel to operate the Abingdon distribution center.

5. Beginning as early as 2008, Food City entered into an agreement with the FHI defendants, or one of them, to provide freight unloading and warehouse operational services at the Food City distribution center in Abingdon Virginia, and up until the relevant times outlined below, the agreement was modified and amended from time to time.

6. On May 14, 2018 the plaintiff was working in the scope of his employment for K-V-A-T Food Stores Inc., at the Food City distribution center at 26331 Hillman Highway in Abingdon, Virginia as a produce checker.

7. On May 14, 2018 Shane Matney was working within the scope of his employment for one of the FHI defendants handling freight loading and unloading, operating a motor power Yale brand forklift # 556 at the same facility above mentioned.

8. Shane Matney received forklift safety training from the FHI defendants prior to May 14, 2018 which included forklift operational safety techniques.

9. Despite the safety training, on May 14, 2018, while within the scope of his employment as an employee of either or both of the FHI defendants, Shane Matney operated the Yale forklift in violation of the forklift training he had received so as to suddenly move the forklift

into a collision with the Plaintiff, notwithstanding that Plaintiff was there and then walking in a direction away from the forklift Mr. Matney was operating.

10. A portion of the forklift collided with and ran over in the left lower leg of the plaintiff, fracturing the plaintiff's lower leg and causing a major degloving injury to his foot.

11. A surveillance camera operated by Food City at the distribution center captured the forklift's movements and the moment of collision, and reveal that Mr. Matney did not look behind his forklift as he reversed and did not follow safety training techniques, thus causing the collision with the Plaintiff.

12. The above described action is a civil action of which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332, in that it is a civil action between citizens of different states, with diversity of citizenship between the opposing parties, wherein the matter in controversy exceeds the sum or value of Seventh-Five Thousand and no/100 Dollars ($75,000.00), exclusive of interest and costs.

13. That at the time and place aforesaid, it was the duty of the FHI defendants, through its agents, servants and employees, to operate its vehicles with reasonable care and due regard for others, specifically including a lookout for any personnel of Food City known to be regularly working and walking through the loading and unloading areas of the distribution center.

14. That at the time and place aforesaid, notwithstanding said duties, the motorized forklift was operated by Defendants' agent, servant or employee in a careless and negligent manner as alleged above, so that it collided with the Plaintiff with great force and violence causing the Plaintiff to suffer injury and damages herein.

15. The FHI defendants stand responsible for the negligent acts of Defendants' employees and agents, including Shane Matney, under the legal doctrine of <u>respondeat superior</u>.

16. The FHI defendants must otherwise stand responsible for the acts as enunciated above.

17. Notwithstanding said duties, the FHI Defendants, through its agent, servant and employee, did then and there so recklessly, carelessly and negligently operate said equipment that it struck the Plaintiff. This collision was proximately caused by the Defendants' violation of duties as aforesaid, and specifically the FHI defendants were negligent because their employee and agent Shane Matney:

   a. failed to keep a proper lookout, failed to watch in the direction of the forklift's backing motion, and did not pay full attention to his surroundings as he reversed his forklift;

   b. failed to look behind his equipment before he moved, and accordingly did not operate said machinery at a reasonable speed;

   c. operated the forklift with a hooded sweatshirt with the hood up over his head, substantially diminishing his peripheral vision while backing his forklift;

   d. failed to give full time and attention to the operation of said machinery;

   e. failed to keep the machinery under proper control;

   f. operated the motorized machinery in a reckless manner.

18. As a direct and proximate result of the Defendants' negligence as aforesaid, the Plaintiff sustained serious and permanent injuries, has been forced to incur substantial medical and hospital bills in an effort to be cured of his injury; has suffered and continues to suffer physical

pain and mental anguish; has incurred a loss of income and will suffer future loss of income and earning capacity; and has been and will in the future be hindered from attending to his personal and business affairs.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, in the amount of Nine Million Dollars ($9,000,000.00), together with pre-judgment interest allowable by Virginia law, computed from May 14, 2018, the costs of this proceeding, as well as such other and further relief as may be appropriate under the circumstances.

Trial by jury is hereby requested.

KEVIN HARRIS

By: /s/Richard N. Shapiro
Richard N. Shapiro, Esq.
VSB No.24324
Shapiro & Appleton, P.C.
1294 Diamond Springs Road
Virginia Beach, VA 23455
757-460-7776 (telephone)
757-460-3428 (facsimile)
rshapiro@hsinjurylaw.com