# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| **KEVIN HARRIS,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:19CV00003 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **FREIGHT HANDLERS, INC., ET AL.,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendants. | ) | |

*Richard N. Shapiro, Shapiro & Appleton, P.C., Virginia Beach, Virginia, for Plaintiff; Nathan H. Schnetzler, Sean C. Workowski, and Katie M. DeCoster, Frith Anderson + Peake, Roanoke, Virginia, for Defendants.*

Defendant FHI, LLC[1] has moved to exclude plaintiff Kevin Harris' economics expert, William Reese, from testifying at trial due to inadequacies in the disclosure of his testimony. For the following reasons, I will deny the motion.

The plaintiff disclosed Reese's testimony and produced his report, but the report was not signed, did not list any publications, and did not list the compensation he is receiving for his work in this case. The list of cases in which he has testified was not up to date. Reese's report is brief and does not clearly state which records he reviewed or the sources of some of the numbers used in his calculations. The defendant did not depose Reese. Reese's expert testimony has

---

[1] Defendant Freight Handlers, Inc. joined in the motion, but it is no longer a party to this case.

been admitted in other federal cases, and his reports in those cases were very similar to his report submitted in this case. After the defendant filed its motion to exclude Reese, the plaintiff supplemented his disclosure with a signed copy of the report and an updated list of cases in which Reese has testified, and clarified that the report does not list publications because Reese has none. These supplementations were made after the deadline for disclosing expert testimony.

Federal Rule of Civil Procedure 26(a)(2)(B)(i) provides that an expert witness's report must state the "basis and reasons" for the expert's opinions. While exclusion of undisclosed or incompletely disclosed expert testimony is the general rule, Rule 37(c)(1) provides exceptions where the failure to disclose is substantially justified or harmless. *Wilkins v. Montgomery*, 751 F.3d 214, 222 (4th Cir. 2014). The Fourth Circuit has held,

> in exercising its broad discretion to determine whether a nondisclosure of evidence is substantially justified or harmless for purposes of a Rule 37(c)(1) exclusion analysis, a district court should be guided by the following factors: (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

*S. States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003).

I find that admitting Reese's testimony would pose no risk of unfair surprise to FHI. The substance of Reese's report has not changed since the faulty disclosure, and in any event, FHI chose not to depose Reese. His testimony goes only to the plaintiff's lost wages. While that damages calculation is important, it is only one element of damages. If the defendant disagrees with Reese's calculation or disputes the accuracy of some of the numbers he used, those issues can be addressed in cross-examination. Allowing Reese to testify would not disrupt the trial.

I find that the shortcomings of the expert disclosure do not warrant excluding Reese. I will therefore deny the Motion to Exclude. In an effort to cure any possible prejudice, the plaintiff has offered to make Reese available to the defendant for a deposition in advance of trial. In light of that offer, I will allow the defendant to depose Reese outside of the discovery window if it chooses to do so.

For these reasons, it is hereby **ORDERED** that:

1. The Motion to Exclude Plaintiff's Expert William Reese, ECF No. 31, is DENIED; and

2. If the defendant requests, the plaintiff shall produce William Reese for a deposition within 14 days of the entry of this Order.

ENTER: November 8, 2019

/s/ *JAMES P. JONES*
United States District Judge